# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-3797

—————

United States of America,         *
                                        *

       Plaintiff-Appellee,     *   Appeal from the United States
                                         *   District Court for the
v.                             *   Southern District of Iowa.
                                         *

Monte Boyd Devore,         *   [UNPUBLISHED]
                                         *

       Defendant-Appellant.   *

—————

Submitted: June 21, 2005
Filed:  June 24, 2005

—————

Before MURPHY, BYE and SMITH, Circuit Judges.

—————

PER CURIAM.

After the district court[1] denied his motion to suppress evidence seized in a search of his home, Monte Boyd Devore entered a conditional guilty plea to being a felon in possession of a firearm. He was sentenced to 30 months. Devore appeals, arguing that the district court erred in finding that his girlfriend had voluntarily consented to a search of the house and in refusing to strike a portion of his presentence investigation report (PSR). We affirm.

—————

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

On December 30, 2002, officers entered Devore's house to execute a warrant for his arrest on state child endangerment and sex offense charges. The officers arrested Devore without incident but were stopped by Shannon Gilleland, Devore's girlfriend. Gilleland struggled with the officers as they removed Devore from the house and then resisted her own arrest for interfering with official acts. Once in custody Gilleland consented to the search of the house where officers located firearms and drug paraphernalia.

On April 15, 2003 Devore was indicted for being a felon in possession of a firearm. Devore filed a motion to suppress the evidence seized during the search of his house, arguing that Gilleland had not voluntarily consented to the search. After a hearing, the district court found that her consent had been voluntarily given and denied the motion. Devore subsequently entered a conditional guilty plea preserving his right to appeal the denial of his suppression motion.

At sentencing, Devore objected to three paragraphs in his PSR that described the conduct underlying the state child endangerment and sex offense charges for which he had been arrested and later convicted. Devore requested that the paragraphs be moved from the section describing his federal offense, arguing that they were unrelated to his possession of a firearm. The district court overruled the motion and sentenced Devore to 30 months, to be served consecutive to his state sentence. He appeals.

Devore first argues that the district court erred in denying his motion to suppress, contending that Gilleland's consent was not voluntarily but rather a product of duress and police coercion. See United States v. Chaidez, 906 F.2d 377, 380 (8th Cir. 1990) (no authority to search when consent "the product of duress or coercion, express or implied" (internal quotations omitted)). After arresting Gilleland, officers handcuffed her and placed her in the back of a squad car. An officer first requested her consent to search the home after she had been in the vehicle for forty minutes to

an hour while the officers arranged care for her children. The interchange between Gilleland and the officer regarding the search was videotaped. She asked the officer a number of questions about the search, but never refused consent. After being told that she could "say yes or no" and asked seven times for her permission to search the house, Gilleland consented and assisted the officers in locating contraband. Officers found firearms and drug paraphernalia.

Devore argues that Gilleland was held handcuffed in a squad car for more than forty minutes, that she was unlawfully arrested without a warrant, and that the officer's repeated requests for permission were coercive. We will reverse a district court's finding of voluntary consent only for clear error. United States v. White, 42 F.3d 457, 459 (8th Cir. 1994). Although Gilleland was in custody at the time of her consent, this does not preclude a finding of voluntariness. See United States v. Becker, 333 F.3d 858, 861 (8th Cir. 2003). Officers were polite to Gilleland while she was in the squad car and notified her that she could refuse consent. Gilleland questioned the officers about the search and carefully considered her decision, at no point telling them that they could not search the home. After expressing her consent, Gilleland assisted the officers in finding contraband. The district court was not clearly erroneous in finding that Gilleland's consent was voluntarily given.

Devore also argues that the district court violated Federal Rule of Criminal Procedure 32(d)(3) by refusing to move paragraphs in the PSR about his state child endangerment and sex offenses for which he was arrested on the evening authorities found firearms in his home from the PSR section detailing his federal offense. According to Devore, the inclusion of the paragraphs in the offense conduct section of the PSR will harm him by requiring that he undergo sex offender treatment in federal prison. Because Devore challenges the placement of the statements within the report rather than their factual accuracy, the district court was not required to serve as "an editor as well as an arbiter of justice" by moving the paragraphs to another

-3-

section of the PSR.  <u>United States v. Beatty</u>, 9 F.3d 686, 689 (8th Cir. 1993) (quoting <u>United States v. Turner</u>, 898 F.2d 705, 710 (9th Cir. 1990)).

Accordingly, the judgment of the district court is affirmed.

_____